# EXHIBIT 1



**null / ALL**
**Transmittal Number: 17776105**
**Date Processed: 02/15/2018**

# Notice of Service of Process

| | |
|---|---|
| Primary Contact: | SOP CSC MCD<br>McDonald's Corporation<br>Campus Office Building<br>2915 Jorie Blvd.<br>Oak Brook, IL 60523 |

| | |
|---|---|
| Entity: | McDonald's Corporation<br>Entity ID Number  0537858 |
| Entity Served: | McDonald's Corporation |
| Title of Action: | Michael Stewart vs. Buckhead Parking Enforcement, LLC |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Class Action |
| Court/Agency: | Forsyth County State Court, Georgia |
| Case/Reference No: | 18SC-0099-B |
| Jurisdiction Served: | Georgia |
| Date Served on CSC: | 02/14/2018 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Matt Q. Wetherington<br>404-793-1693 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

FORSYTH COUNTY, GEORGIA
FILED IN THIS OFFICE
2/7/2018 6:15 PM
GREG G. ALLEN
CLERK OF THE STATE COURTS
18SC-0099-B
McClelland, T. Russell, III

## IN THE STATE COURT OF FORSYTH COUNTY
## STATE OF GEORGIA

MICHAEL STEWART, Individually, and on
behalf of a class of similarly situated persons,

     Plaintiff,

v.

BUCKHEAD PARKING ENFORCEMENT,
LLC, MCDONALD'S CORPORATION,
FRANCHISE REALTY INTERSTATE
CORPORATION, SUSO 3 NEWNAN LP, and
SLATE PROPERTIES, LLC, and

     Defendants.

CIVIL ACTION FILE NUMBER

## SUMMONS

**TO THE ABOVE-NAMED DEFENDANT:** MCDONALD'S CORPORATION, c/o
Registered Agent The Prentice-Hall Corp. System at 40 Technology Pkwy South, #300,
Norcross, GA, 30092.

     You are hereby summoned and required to file with the Clerk of said Court, and serve upon
the Plaintiff's attorney, whose name and address is:

Matt Q. Wetherington, Esq.
Robert N. Friedman, Esq.
Werner Wetherington, P.C.
2860 Piedmont Rd. NE
Atlanta, GA  30305
(404) 793-1693

an answer to the Petition which is herewith served upon you, within 30 days after service of this
Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will
be taken against you for the relief demanded in this Petition.

     This the ___ day of _____, 2018.


     Clerk of State Court


     _____

     By:  Deputy Clerk

FORSYTH COUNTY, GEORGIA
FILED IN THIS OFFICE
2/7/2018 6:15 PM
GREG G. ALLEN
CLERK OF THE STATE COURTS
18SC-0099-B
McClelland, T. Russell, III

## IN THE STATE COURT OF FORSYTH COUNTY
## STATE OF GEORGIA

MICHAEL STEWART, Individually, and on
behalf of a class of similarly situated persons,

      Plaintiff,

v.

BUCKHEAD PARKING ENFORCEMENT,
LLC, MCDONALD'S CORPORATION,
FRANCHISE REALTY INTERSTATE
CORPORATION, SUSO 3 NEWNAN LP, and
SLATE PROPERTIES, LLC, and

      Defendants.

CIVIL ACTION FILE NUMBER

## CLASS ACTION COMPLAINT

1.    Defendant Buckhead Parking Enforcement, LLC ("Buckhead Parking") has a systematic process of unlawfully disabling vehicles with boots and similar devices throughout Georgia. As a result, Buckhead Parking has collected an unknown number of dollars in fees in an unlawful manner. All other Defendants own or occupy property at which Buckhead Parking operates, and have hired, authorized, or otherwise provided material support to Buckhead Parking and / or other individuals or entities that unlawfully boot vehicles throughout Georgia. Plaintiff brings this action to recover damages and other available remedies on behalf of themselves and a class of persons similarly situated.

I.    PARTIES

2.    Plaintiff brings this action in his individual capacity, and in the capacity of class representatives on behalf of others similarly situated. By bringing this action, Plaintiff avails himself of the jurisdiction of this Court.

3.      Buckhead Parking is a limited liability company registered to do business in

Georgia that is subject to the jurisdiction of this Court.  Buckhead Parking may be served

through its registered agent, John Willam Page at 345 Vineyard Drive NW, Marietta, GA,

30064.  Venue is proper as to Buckhead Parking because it is a joint tortfeasor with one

or more Defendants who are residents of Forsyth County.

4.      McDonald's Corporation is a corporation registered to do business in Georgia that

is subject to the jurisdiction of this Court.  McDonald's Corporation may be served

through its registered agent, The Prentice-Hall Corp. System at 40 Technology Pkwy

South, #300, Norcross, GA, 30092.  Venue is proper as to McDonald's Corporation

because it is a joint tortfeasor with one or more Defendants who are residents of Forsyth

County.

5.      Franchise Realty Interstate Corporation is a corporation registered to do business

in Georgia that is subject to the jurisdiction of this Court.  Franchise Realty Interstate

Corporation may be served through The Prentice-Hall Corp. System at 40 Technology

Pkwy South, #300, Norcross, GA, 30092.  Venue is proper as to Franchise Realty

Interstate Corporation because it is a joint tortfeasor with one or more Defendants who

are residents of Forsyth County.

6.      Suso 3 Newnan LP is a limited partnership registered to do business in Georgia

that is subject to the jurisdiction of this Court.  Suso 3 Newnan LP may be served through

its registered agent C T Corporation System at 289 S Culver St, Lawrenceville, GA,

30046.  Venue is proper as to Suso 3 Newnan LP because it is a joint tortfeasor with one

or more Defendants who are residents of Forsyth County.

[2]

7.     Slate Properties, LLC is a limited liability company registered to do business in Georgia that is subject to the jurisdiction of this Court. Slate Properties, LLC may be served through its registered agent Ralph J. Amos at 111 Industrial Park Drive, Cumming, GA, 30040. Venue is proper as to Slate Properties, LLC because it is a resident of Forsyth County.

II.     STATEMENT OF FACTS

8.     There is no provision in the Official Code of Georgia Annotated ("O.C.G.A.") which expressly authorizes vehicle immobilization on private property.

9.     Some municipalities authorize certain types of vehicle immobilization, including booting, by licensed vehicle immobilization services once certain requirements are met.

10.     Booting is a method of using a mechanical device that is designed or adopted to be attached to a wheel, tire, or part of a parked motor vehicle so as to prohibit the motor vehicle's usual manner of movement or operation:



11.     In the absence of a vehicle immobilization ordinance, and complete compliance with that ordinance, booting vehicles in Georgia is strictly unlawful.

12.     Buckhead Parking is a vehicle immobilization service operating within the State of Georgia.

[3]

13.     On information and belief, all other Defendants own or occupy property at which
Buckhead Parking operates, and have hired, authorized, or otherwise provided material
support to Buckhead Parking and / or other individuals or entities that unlawfully
immobilize vehicles.

14.     Defendants have immobilized at least twenty (20) vehicles in the state of Georgia
and received payment for the removal of the vehicle immobilization device.

15.     Defendants have immobilized at least twenty (20) vehicles at, or around, 58
Bullsboro Dr, Newnan, GA 30263 and received payment for the removal of the vehicle
immobilization device.

III.    NAMED PLAINTIFF'S EXPERIENCE

16.     On or about January 25, 2018, Plaintiff parked in a private parking lot located at,
or around, 58 Bullsboro Dr, Newnan, GA 30263, which is within the territorial limits of
the City of Newnan.

17.     The City of Newnan does not have a vehicle immobilization ordinance.

18.     Buckhead Parking was hired by the owner or occupier of the private property
located at, or around, 58 Bullsboro Dr, Newnan, GA 30263, to install or attach vehicle
immobilization devices or boots.

19.     Buckhead Parking placed a boot on Plaintiff's vehicle and refused to remove it
unless Plaintiff paid a $500.00 fine.

20.     Plaintiff paid A Buckhead Parking $500.00.

21.     Because the City of Newnan does not have a vehicle immobilization ordinance,
Buckhead Parking unlawfully booted Plaintiff's vehicle without legal authority and
caused damages to Plaintiff.

[4]

22.     On information and belief, at all other locations within Georgia where Defendants engage in vehicle immobilization, there are no vehicle immobilization ordinances.

IV.   CLASS ACTION ALLEGATIONS

23.     Plaintiff bring this action as a class action pursuant to O.C.G.A. § 9-11-23, on behalf of themselves and the following classes:

   a.     All persons who have been booted by, or at the request of, Defendants at any location within the State of Georgia where there are no vehicle immobilization ordinances, and who have paid fines for the removal of said device, from January 25, 2013, through present; and

   b.     A subclass of all persons who have been booted by, or at the request of, Defendants at, or around, 58 Bullsboro Dr, Newnan, GA 30263, and have paid a fine for removal of said device from January 25, 2013, through present (the Stewart subclass).

24.     Excluded from the Classes are Defendants, as well as Defendants' employees, affiliates, officers, and directors, and any individuals who incurred property damage as a result of Defendants' actions, and the Judge presiding over this case.  Plaintiff reserves the right to amend the definition of the Classes if discovery and/or further investigation reveal that the Class definitions should be expanded or otherwise modified.

25.     **Numerosity / Luminosity / Impracticality of Joinder**:  The members of the Classes are so numerous that joinder of all members would be impractical.  The members of the Classes are easily and readily identifiable from information and records in Defendants' possession, control, or custody.

[5]

26.     **Commonality and Predominance**:  There is a well-defined community of interest and common questions of law and fact that predominate over any questions affecting the individual members of the Classes.  These common legal and factual questions, which exist without regard to the individual circumstances of any Class member, include, but are not limited to, the following:

a.     Whether Defendants engaged in fraudulent business practices with respect to immobilizing vehicles without legal authority throughout Georgia;

b.     Whether Defendants engaged in racketeering activity prohibited under O.C.G.A. § 16-14-1, *et seq.*

c.     Whether Defendants negligently caused Plaintiffs harm;

d.     Whether Defendants engaged in civil theft \ conversion;

e.     Whether Defendants engaged in false imprisonment;

f.     Whether Defendants engaged in making false statements;

g.     Whether Defendants unlawfully disabled Plaintiff and other Class Member's property and refused to return the property; and

h.     Whether Plaintiff and the Classes are entitled to damages.

27.     **Typicality**:  The Plaintiff's claims are typical of the class claims in that Plaintiff and the Classes all have been booted as a result of Defendants' unlawful activities and sustained damages as a direct proximate result of the same wrongful practices that the Defendants have engaged in.  Plaintiff's claims arise from the same practices and course of conduct that give rise to the class claims.  Plaintiff's claims are based upon the same legal theories as the class claims.

[6]

28.    **Adequacy**:  Plaintiff will fully and adequately protect the interests of the members of the Classes and has retained class counsel who are experienced and qualified in prosecuting class actions, including consumer class actions and other forms of complex litigation.  Neither Plaintiff nor their counsel have interests which are contrary to, or conflicting with, those interests of the Classes.

29.    **Superiority**:  A class action is superior to all other available methods for the fair and efficient adjudication of this controversy because, *inter alia*: it is economically impracticable for members of the Classes to prosecute individual actions; prosecution as a class action will eliminate the possibility of repetitious and redundant litigation; and, a class action will enable claims to be handled in an orderly, expeditious manner.

### COUNT 1: NEGLIGENCE

30.    At all times relevant to this Complaint, Defendants owed duties to Plaintiff and other Class Members not to immobilize vehicles without legal authority.

31.    Defendants breached their duties to Plaintiff by immobilizing Plaintiff's and other Class Member's vehicles without legal authority.

32.    As a result of Defendants' negligence, Plaintiff and the other Class Members have incurred damages in an amount to be determined by the enlightened conscience of a jury.

### COUNT 2: NEGLIGENCE *PER SE*

33.    Defendants violated numerous Georgia statutes by unlawfully booting Plaintiff and other Class Members' vehicles.

34.    Plaintiff and other Class Members fall within the class of persons intended to be protected by these statutes.

[7]

35.    These statutes were intended to guard against the unlawful activities of Defendants.

36.    Due to Defendants' negligence, Plaintiff and the other Class Members have incurred damages in an amount to be determined by the enlightened conscience of a jury.

### COUNT 3: PREMISES LIABILITY / O.C.G.A. §§ 51-3-1, 51-3-2

37.    As owners and occupiers of the property located at, or around, 58 Bullsboro Dr, Newnan, GA 30263 Defendants have a duty of ordinary care not to cause harm to individuals at this property.

38.    By illegally immobilizing vehicles at, or around, 58 Bullsboro Dr, and any other locations without a vehicle immobilization ordinance, Defendants breached this duty and caused harm to Plaintiff and other Class Members.

39.    As a result of Defendants' breach, Plaintiff and other Class Members have suffered damages in an amount to be determined by the enlightened conscience of a jury.

### COUNT 4: IMPUTED NEGLIGENCE / O.C.G.A. § 51-2-5

40.    Defendants hired, authorized, or provided material support to Buckhead Parking and / or any other individual or entity that unlawfully immobilized vehicles.

41.    Defendants are therefore vicariously liable for their negligence under O.C.G.A. § 51-2-5.

42.    Due to Defendants' negligence, Plaintiff and the other Class Members have incurred damages in an amount to be determined by the enlightened conscience of a jury.

### COUNT 5: FALSE IMPRISONMENT

43.    At all times relevant to this Complaint, Defendants owed duties to Plaintiff and other Class Members not to interfere with the free movement of Plaintiffs and other Class

[8]

Members.

44.    In violation of O.C.G.A. § 51-7-20, Defendants knowingly and unlawfully restrained the movements of Plaintiff and other Class Members for varying periods of time.

45.    Defendants were acting without legal authority when Defendants restrained the movements of Plaintiff and other Class Members.

46.    Plaintiff and other Class Members have incurred damages in an amount to be determined by the enlightened conscience of a jury as a result of Defendants' conduct.

**COUNT 6: CONVERSION / CIVIL THEFT**

47.    Plaintiff and other Class Members had an ownership interest in funds that were paid to Defendants.

48.    Defendants took possession of Plaintiff and other Class Members' funds by demanding that Plaintiff and other Class Members pay to have a vehicle immobilization device removed.

49.    Plaintiff and other Class Members demanded that the vehicle immobilization device be removed free of charge.

50.    Defendants refused to release Plaintiff and other Class Members' vehicles without payment.

51.    Defendants had no lawful right to immobilize Plaintiff and the other Class Members' vehicles, or to demand payment to remove vehicle immobilization devices.

52.    As a result, by requiring Plaintiff and other Class Members to pay to have vehicle immobilization devices removed, Defendants have wrongfully converted Plaintiff and

[9]

other Class Members' funds, and Plaintiff and other Class Members have sustained

damages in an amount to be determined by the enlightened conscience of a jury.

### COUNT 7: MONEY HAD AND RECEIVED

53.     Because Defendants collected money from Plaintiff and other Class Members to

release vehicles unlawfully booted by Defendants, Defendants have received money from

Plaintiff and other Class Members that in equity and good conscious Defendants should

not be permitted to keep.

54.     As a result of Defendants' actions, Plaintiff and the other Class Members have

suffered damages in an amount to be determined by the enlightened conscience of a jury.

### COUNT 8: VIOLATION OF GEORGIA RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT ("RICO")

55.     Buckhead Parking, as part of its parking company business, engages in an

enterprise of unlawfully immobilizing vehicles for profit.

56.     Buckhead Parking's conduct subjects it to liability under Georgia's Racketeer

Influenced and Corrupt Organization Act ("RICO"), O.C.G.A. § 16-14-1 *et seq.*, as more

fully set out below.

57.     Specifically, Buckhead Parking, in furtherance of its unlawful vehicle

immobilization enterprise, has engaged in a pattern of racketeering activity, including,

but not limited to the following:

        a.      By forcing Plaintiff and other Class Members to pay to have an

unlawfully placed vehicle immobilization device removed, Buckhead Parking has

engaged in Theft (O.C.G.A. § 16-8-1), Theft by Taking (O.C.G.A. § 16-8-2),

Theft by Deception (O.C.G.A. § 16-8-3), Theft by Conversion (O.C.G.A. § 16-8-

4), and Theft by Extortion (O.C.G.A. § 16-8-16);

[10]

   b.  By alleging through signage, notices, and other documents

provided to Plaintiff and other Class Members, that Buckhead Parking was

lawfully permitted to immobilize Plaintiff and other Class Members' vehicles,

and lawfully permitted to charge fees for the removal of vehicle immobilization

devices, Buckhead Parking has engaged in the use of false statements in violation

of O.C.G.A. § 16-10-20; and

   c.  By unlawfully attaching vehicle immobilization devices to Plaintiff

and other Class Members' vehicles, Buckhead Parking knowingly and unlawfully

restrained the movements of Plaintiff and other Class Members for varying

periods of time in violation of O.C.G.A. § 16-5-41.

58. Buckhead Parking has also engaged in racketeering activity by extorting money

from Plaintiff and other Class Members under the threat of refusing to remove an

unlawfully placed vehicle immobilization device.

59. Buckhead Parking's above described racketeering activity is all done in

furtherance of Buckhead Parking's enterprise of profiting off unlawfully immobilizing

vehicles.

60. Buckhead Parking's above described racketeering activity all have the same or

similar methods of commission in that they all involve the unlawful use of vehicle

immobilization devices, and false or misleading signage and documentation, to force

Plaintiff and other Class Members to pay to have unlawfully placed vehicle

immobilization devices removed.

61. Buckhead Parking's racketeering activity have the same or similar objective,

namely, profiting off the unlawful use of vehicle immobilization devices.

[11]

62.     Buckhead Parking's racketeering activity have the same or similar victims, namely, Plaintiff and other Class Members who have been forced to pay Buckhead Parking to remove a vehicle immobilization device unlawfully placed on Plaintiff and other Class Members' vehicles by Buckhead Parking.

63.     Buckhead Parking's racketeering activity are otherwise related by distinguishing characteristics including, but not limited to, the involvement and collusion of Buckhead Parking and its workers, executives, and officers.

64.     Buckhead Parking's racketeering activity is part of a long-term enterprise that has existed, and continues to, exist for over five (5) years, and will continue to exist unless halted by judicial intervention.

65.     As a result of Buckhead Parking's racketeering activity, Plaintiff and other Class Members have suffered damages in an amount to be determined by the enlightened conscience of a jury.

### COUNT 9: ATTORNEY'S FEES

66.     Defendants have acted in bad faith, have been stubbornly litigious, and have caused Plaintiff and other Class Members unnecessary trouble and expense.

67.     Accordingly, Plaintiff and other Class Members are entitled to recover their expenses of litigation, including their reasonable attorney's fees, pursuant to O.C.G.A. § 13-6-11.

### COUNT 10: PUNITIVE DAMAGES

68.     Defendants' conduct was willful, wanton, and reckless and evidences an entire want of care, which raised the presumption of a conscious indifference to the consequences of its actions.

[12]

69.     As a result of Defendants' willful, wanton, and reckless conduct, Plaintiff and other Class Members are entitled to an award of punitive damages under O.C.G.A. § 51-12-5.1.

V.      JURY DEMAND

70.     Plaintiff demands a trial by jury for all of their claims and determination of all damages.

VI.     DAMAGES AND PRAYER FOR RELIEF

71.     Plaintiff prays for the following relief:

   a.   An order certifying this action as a class action, appointing Plaintiff as class representative and appointing Plaintiff's counsel as lead Class counsel;

   b.   All compensatory damages on all applicable claims in an amount to be proven at trial, and, as allowed by law, for such damages to be trebled or multiplied upon proof of claims under laws allowing for trebling or multiplying of compensatory damages based upon Defendants' violations of law;

   c.   Punitive damages in an amount to be determined at trial;

   d.   Attorney fees for stubborn litigiousness pursuant to O.C.G.A. § 13-6-11; and

   e.   All other and further relief that the Court deems appropriate and just under the circumstances.

*{Signatures on the Following Page}*

[13]

This 7th day of February 2018.

**WERNER WETHERINGTON, P.C.**

*/s/ Matt Wetherington*
MATTHEW Q. WETHERINGTON
  Georgia Bar No. 339639
ROBERT N. FRIEDMAN
  Georgia Bar No. 945494

2860 Piedmont Rd., NE
Atlanta, GA 30305
770-VERDICT
matt@wernerlaw.com
robert@wernerlaw.com

[14]

77754

1805 GA HWY PERRY CO., COVINGTON, GA 30015

Civil Action No. _ISSC-1099-6_

Date Filed _2/7/18_

Attorney's Address

| | |
|---|---|
| Superior Court ☐ | Magistrate Court ☐ |
| State Court ☑ | Probate Court ☐ |
| Juvenile Court ☐ | |

Georgia, ___Forsyth___ COUNTY

___Michael Stewart___

_____

Plaintiff

VS.

___Buckhead Parking Enforcement, LLC___
___et al.___

Defendant

_____

Name and Address of Party to be Served.

_McDonald's Corporation c/o_
_registered agent The Prentice Hall_
_Corp. System 40 Technology Pkwy South_
_# 300 Norcross, GA 30092_

Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐

I have this day served the defendant _____ personally with a copy of the within action and summons.

_____

**NOTORIOUS** ☐

I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows:

age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION** ☑

Served the defendant ___McDonald's___ a corporation by leaving a copy of the within action and summons with ___Alisha Smith___

in charge of the office and place of doing business of said Corporation in this County.

_____

**TACK & MAIL** ☐

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐

Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This _14_ day of _Feb_, 20_18_.

___Dempsey 5813___

DEPUTY

SHERIFF DOCKET_____ PAGE _____

WHITE-CLERK    CANARY-PLAINTIFF    PINK-DEFENDANT



NJH / ALL
**Transmittal Number: 17841845**
**Date Processed: 03/02/2018**

# Notice of Service of Process

| Primary Contact: | SOP CSC MCD |
| --- | --- |
| | McDonald's Corporation |
| | Campus Office Building |
| | 2915 Jorie Blvd. |
| | Oak Brook, IL 60523 |

| | |
| --- | --- |
| **Entity:** | McDonald's Corporation |
| | Entity ID Number  0537858 |
| **Entity Served:** | McDonald's Corporation |
| **Title of Action:** | Michael Stewart vs. Buckhead Parking Enforcement, LLC |
| **Document(s) Type:** | Motion |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Forsyth County State Court, Georgia |
| **Case/Reference No:** | 18SC-0099-B |
| **Jurisdiction Served:** | Georgia |
| **Date Served on CSC:** | 03/01/2018 |
| **Answer or Appearance Due:** | Other/NA |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Sarah Michelle Quinn |
| | 404-793-1694 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com



WERNER
WETHERINGTON
**2860 Piedmont Rd., NE  |  Atlanta, GA 30305**

**Sarah M. Quinn, Paralegal**
**404-793-1694**
**855-873-2090**
**sarah@wernerlaw.com**

2/26/2018

**VIA CERTIFIED MAIL-RETURN RECEIPT REQUESTED**
**9414711899560555985717**

The Prentice Hall Corporation System
ATTN: McDonald's Corporation
40 Technology Parkway South, Suite 300
Norcross, GA 30092

     RE:    Michael Stewart v. Buckhead Parking Enforcement, LLC et al.
            CAFN: 18SC-0099-B
            State Court of Forsyth County

Dear Sir/Madam,

     Enclosed, please find your service copy of the following:

     1) Plaintiff's Motion for Class Certification; and
     2) Plaintiff's Brief in Support of Motion for Class Certification.

     Should you have any questions or concerns, please do not hesitate to contact me at (404) 793-1694.

                     Sincerely,

                     **Werner Wetherington, P.C.**

                     Sarah Michelle Quinn
                     Paralegal

SMQ/tim
enclosures

FORSYTH COUNTY, GEORGIA
FILED IN THIS OFFICE
2/8/2018 10:32 AM
GREG G. ALLEN
CLERK OF THE STATE COURTS
18SC-0099-B
McClelland, T. Russell, III

## IN THE STATE COURT OF FORSYTH COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| MICHAEL STEWART, Individually, and on behalf of a class of similarly situated persons,<br><br>    Plaintiff,<br><br>v.<br><br>BUCKHEAD PARKING ENFORCEMENT, LLC, MCDONALD'S CORPORATION, FRANCHISE REALTY INTERSTATE CORPORATION, SUSO 3 NEWNAN LP, and SLATE PROPERTIES, LLC, and<br><br>    Defendants. | CIVIL ACTION FILE NUMBER<br><br>18SC-0099-B |

### PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

COMES NOW Plaintiff, and, pursuant to O.C.G.A. § 9-11-23, files his Motion for Class Certification. In support of this motion, Plaintiff relies on: (1) Plaintiff's Brief in Support of Motion for Class Certification; (2) Plaintiff's Complaint; and (3) all other pleadings and evidence filed with the Court. For all of the reasons set forth in Plaintiff's Brief in Support of her Motion for Class Certification, Plaintiff respectfully requests that the Court grant his Motion for Class Certification, and enter an order: (1) appointing Plaintiff as class representative; (2) appointing undersigned counsel as class counsel; and (3) certifying this case as a class action pursuant to O.C.G.A. § 9-11-23(b)(3).

This 8th day of February 2018.

WERNER WETHERINGTON, PC

/s Matthew Q. Wetherington
MATTHEW Q. WETHERINGTON
Georgia Bar No. 339639
ROBERT N. FRIEDMAN
Georgia Bar No. 945494

2860 Piedmont Rd., NE
Atlanta, GA 30305
770-VERDICT
matt@wernerlaw.com
robert@wernerlaw.com

FORSYTH COUNTY, GEORGIA
FILED IN THIS OFFICE
2/8/2018 10:32 AM
GREG G. ALLEN
CLERK OF THE STATE COURTS
18SC-0099-B
McClelland, T. Russell, III

## IN THE STATE COURT OF FORSYTH COUNTY
### STATE OF GEORGIA

MICHAEL STEWART, Individually, and on
behalf of a class of similarly situated persons,

    Plaintiff,

v.

BUCKHEAD PARKING ENFORCEMENT,
LLC, MCDONALD'S CORPORATION,
FRANCHISE REALTY INTERSTATE
CORPORATION, SUSO 3 NEWNAN LP, and
SLATE PROPERTIES, LLC, and

    Defendants.

CIVIL ACTION FILE NUMBER

18SC-0099-B

### PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR CLASS CERTIFICATION

COMES NOW Plaintiff, and, pursuant to O.C.G.A. § 9-11-23, herein files his Brief in Support of Plaintiff's Motion for Class Certification, respectfully showing the Court as follows:

### INTRODUCTION

Plaintiff alleges that Defendants engaged in a systematic pattern of illegally immobilizing Plaintiff's, and all proposed class members', vehicles for a period of several years at a particular shopping center in Newnan, and throughout the State of Georgia. This case is ideal for class treatment as: (1) it involves a large number of small identical claims; (2) all proposed class members' claims are based on the same factual allegations; (3) all proposed class members' claims are based on the same legal theory of liability; and (4) it would impractical for the proposed class member to purse their claims individually due to their small monetary value.

### STATEMENT OF FACTS

This lawsuit arises out of Defendants' unlawful practice of disabling vehicles with boots and similar devices without legal authority. (Pl.'s Comp., ¶ 1). There is no provision in the

Official Code of Georgia Annotated ("O.C.G.A.") which expressly authorizes vehicle immobilization. (Pl.'s Comp., ¶ 8).  Some municipalities authorize certain types of vehicle immobilization, including booting, by licensed vehicle immobilization services once certain requirements are met. (Pl.'s Comp., ¶ 9).  Plaintiff was booted by Defendants at a shopping center located in Newnan. (Pl.'s Comp., ¶¶ 16-22).  Because Newnan does not have a vehicle immobilization ordinance, Defendants unlawfully booted Plaintiff's vehicle without legal authority and caused damages to Plaintiff. (Pl.'s Comp., ¶ 21).  On information and belief, at all other locations within Georgia where Defendants engage in vehicle immobilization, there are no vehicle immobilization ordinances. (Pl.'s Comp., ¶ 22).

## THE PROPOSED CLASS

A class definition "simply must meet a minimum standard of definiteness which will allow the trial court to determine membership in the proposed class." *In re Polypropylene Carpet Antitrust Litig.*, 178 F.R.D. 603, 612 (N.D. Ga. 1997); *In re Tri-State Crematory Litig.*, 215 F.R.D. 660, 690 (N.D. Ga. 2003) ("Although it is not necessary that the members of the class be so clearly identified that any member can be presently ascertained Plaintiffs must establish that there exists a legally definable 'class' that can be ascertained through reasonable effort.").[1]  As such, Plaintiff proposes certifying the following classes:

> a.    All persons who have had a vehicle in their possession booted by, or at the request of, Defendants at any location within the State of Georgia where there are no vehicle immobilization ordinances, and who have paid fines for the removal of said device, from January 25, 2013, through present; and

---

[1] Georgia case law holds, "it is appropriate that we look to federal cases interpreting Rule 23 of the Federal Rules of Civil Procedure, the rule upon which O.C.G.A. § 9-11-23 was based, for guidance." *Brenntag Mid S., Inc. v. Smart*, 308 Ga. App. 899, 903, 710 S.E.2d 569, 574 (2011).

2

b.     a subclass of all persons who have had a vehicle in their possession booted
       by, or at the request of, Defendants at, or around, 58 Bullsboro Dr,
       Newnan, GA 30263, and have paid a fine for removal of said device from
       January 25, 2013, through present (the Stewart subclass).

Excluded from the proposed class are Defendants, as well as Defendants' employees, affiliates, officers, and directors, including any of Defendants' employees, affiliates, officers, and directors who incurred property damage as a result of Defendants' actions, and the Judge presiding over this case. This proposed class meets the standard of definiteness as all class members can be ascertained through reasonable effort, namely by reference to Defendants' records.

## LEGAL STANDARDS

A case may proceed as a class action under Georgia law if plaintiff can "satisfy all four prerequisites of O.C.G.A. § 9-11-23(a) and meet the additional requirements set forth in any one of the three subsections of O.C.G.A. § 9-11-23(b)(1) or (2) or (3)." *Gay v. B.H. Transfer Co.*, 287 Ga. App. 610, 611, 652 S.E.2d 200, 201 (2007). The relevant question for class certification "is not whether the plaintiffs have stated a cause of action or may ultimately prevail on the merits but whether the requirements of O.C.G.A. § 9-11-23 have been met." *Glynn Cty. v. Coleman*, 334 Ga. App. 559, 559–60, 779 S.E.2d 753, 754 (2015), *cert. denied* (Feb. 22, 2016); *Peck v. Lanier Golf Club, Inc.*, 298 Ga. App. 555, 556, 680 S.E.2d 595, 597 (2009).

Thus, for the purposes of determining class certification, "[a]ny assertion that the named plaintiff cannot prevail on his claims does not comprise an appropriate basis for denying class certification." *Glynn Cty.*, 334 Ga. App. at 559-60; *Peck*, 298 Ga. App. at 556; *Vill. Auto Ins. Co., Inc. v. Rush*, 286 Ga. App. 688, 692, 649 S.E.2d 862, 866-67 (2007) ("[M]erit-based

3

disputes are not ripe for resolution at the class certification stage….").  Nor can Defendants

defeat Plaintiff's Motion for Class Certification by challenging the merits of any of the named

Plaintiff's claims.  *Peck*, 298 Ga. App. at 556 ("Any argument that Peck is not an adequate

representative because he will not ultimately prevail on his claim does not comprise an

appropriate basis for denying class certification."); *Taylor Auto Grp., Inc. v. Jessie*, 241 Ga. App.

602, 603, 527 S.E.2d 256, 258 (1999).

The four O.C.G.A. § 9-11-23(a) prerequisites are numerosity, commonality, typicality,

and adequacy:

(1)    The class is so *numerous* that joinder of all members is impracticable;
(2)    There are questions of law or fact *common* to the class;
(3)    The claims or defenses of the representative parties are *typical* of the claims or defenses of the class; and
(4)    The representative parties will fairly and *adequately* protect the interests of the class.

O.C.G.A. § 9-11-23(a) (emphasis added).

Once these prerequisites are established, the basis for class certification under § 9-11-

23(b)(3) is:

The court finds that the questions of law or fact common to the members of the class *predominate* over any questions affecting only individual members, and that a class action is *superior* to other available methods for the fair and efficient adjudication of the controversy….

O.C.G.A. § 9-11-23(b)(3) (emphasis added).

The trial court has broad discretion to certify a class under O.C.G.A. § 9-11-23, and the

decision to approve class certification will only be overturned for abuse of discretion.  *See Glynn*

*Cty.*, 334 Ga. App. at 559 ("On appellate review of a trial court's decision on a motion to certify

a class, the discretion of the trial judge in certifying or refusing to certify a class action is to be

respected in all cases where not abused."); *State Farm Mut. Auto. Ins. Co. v. Mabry*, 274 Ga. 498, 499–500, 556 S.E.2d 114, 117 (2001).

## ARGUMENT AND CITATION OF AUTHORITY

### 1.   THE PROPOSED CLASS SATISFIES THE PREREQUISITES OF O.C.G.A. § 9-11-23(A)

#### 1.1     The Claims of the Proposed Classes are Sufficiently Numerous

Plaintiff's proposed classes easily satisfies the numerous requirements of O.C.G.A. § 9-11-23 as the proposed classes are made up of countless individuals who have had their cars illegally immobilized by Defendants during the last five years. As stated by the Georgia Court of Appeals, "[c]lass actions have been approved by courts involving as few as 25 and 40 persons in the class." *Sta-Power Indus., Inc. v. Avant*, 134 Ga. App. 952, 955, 216 S.E.2d 897, 901 (1975) (internal cits. omitted) ("They have provided the court with the names of 253 persons within the State of Georgia who purchased distributor agreements from Sta-Power ... We find that the class is sufficiently numerous as to make it impractical to bring them all before the court."). Defendants have immobilized at least 25 vehicles within the last five years at the shopping center Plaintiff was booted at, and throughout the state of Georgia. Because it would be impractical to bring all such claims before the Court individually, Plaintiff's proposed classes are sufficiently numerous to warrant class certification under O.C.G.A. § 9-11-23.

#### 1.2     Plaintiff's Claims Satisfy the Commonality Requirement

Commonality is a low threshold. The commonality requirement "does not require that all the questions of law and fact raised by the dispute be common or that the common questions of law or fact predominate over individual issues." *In re Delta/AirTran Baggage Fee Antitrust Litig.*, 317 F.R.D. 675, 693 (N.D. Ga. 2016); *Brenntag Mid S., Inc. v. Smart*, 308 Ga. App. 899,

5

903-04, 710 S.E.2d 569, 574-75 (2011); *Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1557

(11th Cir. 1986). All that is required is the "capacity of a classwide proceeding to generate

common *answers* apt to drive the resolution of the litigation." *In re Delta*, 317 F.R.D. at 693;

*Carriuolo v. Gen. Motors Co.*, 823 F.3d 977, 984 (11th Cir. 2016) ("That common contention

must be of such a nature that it is capable of classwide resolution—which means that

determination of its truth or falsity will resolve an issue that is central to the validity of each one

of the claims in one stroke.") (internal cits. omitted). Consequently, it has been repeatedly held

that, "a single common question," will satisfy the commonality requirement necessary to certify

a class. *In re Delta*, 317 F.R.D. at 694 ("[F]or purposes of Rule 23(a)(2) even a single common

question will do."); *Carriuolo*, 823 F.3d at 984.

> Statutory liability across a broad class of individuals are common questions capable of

supporting a class action, as demonstrated by the following examples:

> The central issue in the case-whether Defendant violated the FCRA in failing to
> disclose the entire file upon request for a consumer report by a curious consumer
> arises out of Defendant's standardized method of responding to requests by
> curious consumers, and is common to each potential class member. **This
> common question of statutory interpretation, deriving from Defendant's
> standardized business practice, makes Plaintiffs' claims appropriate for
> treatment as a class action.**

*Campos v. ChoicePoint, Inc.*, 237 F.R.D. 478, 485 (N.D. Ga. 2006) (emphasis added).

> **Here, the first FDUTPA element is amenable to class-wide resolution**: the
> factfinder must only determine whether a Monroney sticker that inaccurately
> states a vehicle had received perfect safety ratings in three categories would
> deceive an objectively reasonable observer when in fact no safety ratings had
> been issued.
> [...]
> Because that theory is consistent for all class members, the predominance
> requirement under Rule 23(b)(3) is satisfied. **This consistency is also sufficient
> to establish the commonality requirement under Rule 23(a)(2).** The district
> court's determination on these points does not amount to an abuse of discretion.

6

*Carriuolo*, 823 F.3d at 985-86.

Here, as in *Campos* and *Carriuolo*, the central question at issue that will resolve the validity of all proposed class member's claims is whether Defendants are liable under statutory law. Plaintiff has alleged that Defendants booted Plaintiff's and all other class members' vehicles, without any legal authority. (Pl.'s Comp., ¶¶ 30-69). Such an unlawful exercise of dominion and control over property creates liability under countless Georgia statutes including, but not limited to, O.C.G.A. § 51-7-20 (false imprisonment); O.C.G.A. § 51-10-6 (conversion / civil theft), O.C.G.A. § 51-3-1, 51-3-2 (premises liability), and O.C.G.A. § 16-14-1 *et seq.* (RICO). *Id.* Just as in *Campos* and *Carriuolo*, because Plaintiff's Complaint alleges statutory liability for all proposed class members, Plaintiff's lawsuit presents common questions that are central to the validity of all proposed class members' claims. Therefore, based on the holdings in *Campos* and *Carriuolo*, Plaintiff's lawsuit satisfies the commonality requirements of O.C.G.A. § 9-11-23(a).

### 1.3    Plaintiff's Claims are Typical of the Proposed Classes

The typicality requirement "under O.C.G.A. § 9-11-23(a) is satisfied upon a showing that the defendant committed the same unlawful acts in the same method against an entire class." *Liberty Lending Servs. v. Canada*, 293 Ga. App. 731, 738, 668 S.E.2d 3, 10 (2008); *Walker v. City of Calhoun, Georgia*, 4:15-CV-170-HLM, 2016 WL 361580, at *7 (N.D. Ga. Jan. 28, 2016) ("A representative plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of the other class members, and her or his claims are based on the same legal theory."). To warrant class certification, claims of the proposed class members "need not be identical to satisfy the typicality requirement; rather, there need only exist a sufficient nexus between the legal claims of the named class representatives and those of

7

individual class members...." *Ault v. Walt Disney World Co.*, 692 F.3d 1212, 1216 (11th Cir. 2012); *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1279 (11th Cir. 2000). A sufficient nexus exists "if the claims or defenses of the class and the class representative arise from the same event or pattern or practice and are based on the same legal theory." *Ault*, 692 F.3d at 1216; *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984).

In the instant case, Plaintiff's claims are not merely typical of the proposed classes, they are identical in all material respects. For the named Plaintiff, and all members of the proposed classes, the sole allegation is that Defendants immobilized Plaintiff's vehicle without any legal authority. Hence, there is no doubt that Plaintiff's claims meet the typicality requirements of O.C.G.A. § 9-11-23(a). *See Ault*, 692 F.3d at 1216-17 (11th Cir. 2012) ("All claims in this class action arise from the same policy—Disney's ban on Segways®—and are all based upon liability pursuant to Title III. Thus, we conclude ... the claims of the class representatives and class members are typical and warrant class certification."); *Walker*, 2016 WL 361580, at *7 ("Plaintiff's claims arise out of the same conduct as the class's claims, and his claims are the same as those of the proposed class. ... Plaintiff therefore satisfies the typicality requirement.").

**1.4    Plaintiff and their Counsel Will Adequately Represent the Proposed Classes**

For class certification, "[t]he important aspects of adequate representation are whether the plaintiffs' counsel is experienced and competent and whether plaintiffs' interests are antagonistic to those of the class." *Brenntag Mid S., Inc.*, 308 Ga. App. at 905; *Liberty Lending Servs.*, 293 Ga. App. at 739, 668 S.E.2d 3, 10 (2008). In the present lawsuit, Plaintiff does not have any conflict of interest with the proposed classes as Plaintiff and the proposed classes are united in seeking the maximum possible recovery for their claims. Additionally, Plaintiff is represented

by experienced and qualified counsel with significant experience in complex litigation, including class action lawsuits. Because the record is devoid of any conflict between Plaintiff and the proposed classes, and because there nothing to suggest that Plaintiff's counsel cannot provide competent representation, Plaintiff's lawsuit satisfies the requirement of adequacy for class certification. *Brenntag Mid S., Inc.*, 308 Ga. App. at 905 ("[N]othing in the record suggests any such antagonistic interests or that Smart and Elmore would not vigorously pursue the claims on behalf of the class. ... [T]he trial court did not abuse its discretion in adopting the finding of adequacy.").

## 2.  THIS CLASS ACTION SATISFIES O.C.G.A. § 9-11-23(b)(3)

The most straightforward and appropriate basis for class certification in this case is pursuant to O.C.G.A. § 9-11-23(b)(3), which applies where, as here, (1) "questions of law or fact common to the members of the class *predominate* over any questions affecting only individual members,"; and (2) "a class action is *superior* to other available methods for the fair and efficient adjudication of the controversy." *Id.* (emphasis added).

### 2.1   Common Issues of Law and Fact Predominate for the Proposed Classes

To satisfy the predominance requirement of O.C.G.A. § 9-11-23(b)(3), "the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole, must predominate over those issues that are subject only to individualized proof." *Campos* 237 F.R.D. at 488 (internal cits. omitted); *Carriuolo*, 823 F.3d at 985 ("Common issues can predominate *only* if they have a direct impact on every class member's effort to establish liability that is more substantial than the impact of individualized issues in resolving the claim or claims of each class member."). (internal cits. omitted). As with the commonality requirement of

9

O.C.G.A. § 9-11-23(a), for cases involving specific identified practices, and whether those

practices create liability under statutory law, Courts have held common questions of fact and law

predominate over individual issues:

> Here, the first FDUTPA element is amenable to class-wide resolution: the
> factfinder must only determine whether a Monroney sticker that inaccurately
> states a vehicle had received perfect safety ratings in three categories would
> deceive an objectively reasonable observer when in fact no safety ratings had
> been issued.
> [...]
> By inaccurately communicating that the 2014 Cadillac CTS had attained three
> perfect safety ratings, General Motors plainly obtained enhanced negotiating
> leverage that allowed it to command a price premium. ... **Because that theory is
> consistent for all class members, the predominance requirement under Rule
> 23(b)(3) is satisfied.**

*Carriuolo*, 823 F.3d at 986, 989. (emphasis added).

> The focal point of this action is Defendant's alleged, and admitted practice of
> responding to curious consumer's requests for a consumer report in a manner
> which allegedly violates the FCRA.  The issues of law and fact which stem from
> Defendant's policy predominate over individual issues.  **Because common issues
> of law and fact are likely to dominate the proceedings for curious consumers
> who requested a "consumer report," common questions of law and fact
> predominate.**

*Campos*, 237 F.R.D. at 489. (emphasis added).

As in *Carriuolo* and *Campos*, Plaintiff in the instant case has met the predominance

requirements of O.C.G.A. § 9-11-23(b)(3) because Plaintiff's Complaint primarily concerns

liability under statutory law.  For Plaintiff, and all proposed class members, it is alleged that by

immobilizing their vehicles without legal authority Defendants are liable under numerous

Georgia statutes.  (Pl.'s Comp., ¶¶ 30-69).  Such statutes include, but are not limited to,

O.C.G.A. § 51-7-20 (false imprisonment); O.C.G.A. § 51-10-6 (conversion / civil theft),

O.C.G.A. § 51-3-1, 51-3-2 (premises liability), and O.C.G.A. § 16-14-1 *et seq.* (RICO). *Id.*

Because these issues are consistent for all proposed class members, common questions of law

and fact will predominate the proceedings. *Id.*

### 2.2    A Class Action is Superior for the Proposed Classes

In assessing whether a class action superior to other available methods, "the issue is not

whether a class action will be difficult to manage.  Instead, the trial court is to consider the

relative advantages of a class action suit over other forms of litigation which might be available."

*Brenntag Mid S., Inc.*, 308 Ga. App. at 907; *EarthLink, Inc. v. Eaves*, 293 Ga. App. 75, 77, 666

S.E.2d 420, 424 (2008).  Although superiority is a separate analysis under O.C.G.A. § 9-11-

23(b)(3), "the predominance analysis ... has a tremendous impact on the superiority analysis ...

for the simple reason that, the more common issues predominate over individual issues, the more

desirable a class action lawsuit will be as a vehicle for adjudicating the plaintiffs' claims." *Klay*

*v. Humana, Inc.*, 382 F.3d 1241, 1269 (11th Cir. 2004); *Jones v. Advanced Bureau of Collections*

*LLP*, 317 F.R.D. 284, 294 (M.D. Ga. 2016) ("As discussed, common issues predominate in this

case; thus, a class action is likely the superior vehicle for adjudicating Jones's claims.").

As stated above, here, because all of the proposed class members' claims are premised on

the same factual allegations, and the same theories of liability, common issues of fact and law

predominate. *Carriuolo*, 823 F.3d at 986, 989; *Campos*, 237 F.R.D. at 489.  Just as in *Klay* and

*Jones*, because common issues of fact and law predominate for all proposed class members, a

class action is the superior vehicle for adjudicating the proposed class members' claims.

Furthermore, the Georgia Court of Appeals, and the 11th Circuit Court of Appeals, have held

that a class action is a superior method of adjudication when the class members' claims are,

individually, of small monetary value:

11

Moreover, as the Ichter Report found, the damages involved for each class member are likely to be relatively small making it unlikely that other class members would have a strong interest in controlling the litigation for themselves. And it is unlikely that counsel could be found to pursue such relatively minor claims on an individualized basis so that economic reality dictates that petitioner's suit proceed as a class action or not at all.

*Brenntag Mid S., Inc.*, 308 Ga. App. at 907. (internal cits. omitted).

As the trial court stated, there is simply no need to burden either the court system or the individual class members by requiring each member of the class to pursue his or her own action to recover a relatively small amount of damages. The trial court did not abuse its broad discretion in deciding to certify the class.

*EarthLink, Inc.*, 293 Ga. App. at 77. (internal cits. omitted).

Here, General Motors has identified 1,058 potential class vehicles in Florida. As the district court noted, individual claims may be too small for a separate action by each class member. Because common questions of law and fact predominate, class-wide adjudication appropriately conserves judicial resources and advances society's interests in judicial efficiency. Again, we can discern no abuse of discretion.

*Carriuolo v. Gen. Motors Co.*, 823 F.3d 977, 989 (11th Cir. 2016) (internal cits. omitted).

Here, as in *Brenntag Mid S., Inc.*, *EarthLink, Inc.*, and *Carriuolo*, the individual claims of the proposed class members are too small ($500 or less) to adjudicate separately. Accordingly, based on the above referenced authority, because common questions predominate, and because the proposed class members' claims are of small monetary value, a class action is a superior method of adjudicating the proposed class members' claims, and Plaintiff's lawsuit satisfies the superiority requirements of O.C.G.A. § 9-11-23(b)(3).

This conclusion if further supported by reference to the additional factors listed in O.C.G.A. § 9-11-23(b)(3) for determining the superiority of a class action:

(A)   The interest of members of the class in individually controlling the prosecution or defense of separate actions;

(B)   The extent and nature of any litigation concerning the controversy already commenced by or against members of the class;

12

      (C)     The desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

      (D)     The difficulties likely to be encountered in the management of a class action.

*Id.*

All of these factors point strongly in favor of certifying the class here. *First,* because each of the proposed class members' claims is so small, there is no indication that individual class members would want to, or benefit from, individual control of the litigation. *Brenntag Mid S., Inc.*, 308 Ga. App. at 907. To the contrary, the relatively small amount in controversy assures that the cost of each individual action would exceed any potential recovery. *Id. Second,* because there is no other pending litigation concerning this dispute, either by or against the proposed class members, there is no possibility of contrary or conflicting rulings in other cases. *Third,* since each of the proposed class members' claim is identical, concentrating the litigation is ideal for both judicial economy, and for reaching a speedy resolution of all proposed class members' claims. *Finally,* as the proposed class members' claims are based on common theories of liability there are no foreseeable management difficulties with this litigation. As a result, based on the additional factors provided in O.C.G.A. § 9-11-23(b)(3), a class action is superior to other means of resolving this dispute, and the proposed classes should be certified pursuant to O.C.G.A. § 9-11-23(b)(3).

## CONCLUSION

WHEREFORE, based upon the above reasons, Plaintiff respectfully requests that his Motion for Class Certification be GRANTED and that the Court enter an order: (1) appointing Plaintiff as class representative; (2) appointing undersigned counsel as class counsel; and (3) certifying this case as a class action pursuant to O.C.G.A. § 9-11-23(b)(3).

13

This 8th day of February 2018.

**WERNER WETHERINGTON, PC**

/s Matthew Q. Wetherington
2860 Piedmont Rd., NE          MATTHEW Q. WETHERINGTON
Atlanta, GA 30305              Georgia Bar No. 339639
770-VERDICT                    ROBERT N. FRIEDMAN
matt@wernerlaw.com             Georgia Bar No. 945494
robert@wernerlaw.com

14





CERTIFIED MAIL

$7.830
US POSTAGE
FIRST-CLASS
FROM 30305
02/26/2018
stamps
endicia

9414 7118 9956 0555 9857 17

The Prentice Hall Corporation System
ATTN: McDonald's Corporation
40 Technology Parkway South, Suite 300
Norcross GA 30092-2924