**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

MICHAEL STEWARD,
Individually, and on behalf of a
class of similarly situated persons,

    Plaintiffs,

v.

BUCKHEAD PARKING
ENFORCEMENT, LLC;
MCDONALD'S
CORPORATION; SUSO 3
NEWNAN LP; and SLATE
PROPERTIES, LLC,

    Defendants.

CIVIL ACTION NO.
2:18-CV-00035-RWS

## **ORDER**

This case comes before the Court on Defendant McDonald's Corporation's Motion to Dismiss [Doc. No. 2], Plaintiff Michael Steward's Motion to Remand [Doc. No. 5], and Plaintiff Michael Steward's Supplemental Motion to Remand [Doc. No. 26].

**I.    Background**

On January 25, 2018, Plaintiff parked in a private parking lot located at 58 Bullsboro Drive, Newnan, GA 30263, which is within the territorial limits

of the City of Newnan.  Plaintiff alleges Defendant Buckhead Parking Enforcement, LLC ("Buckhead Parking") was hired by the owner of the property where Plaintiff parked to immobilize vehicles.  Buckhead Parking placed a boot[1] on Plaintiff's vehicle and refused to remove it unless Plaintiff paid a $500.00 fine, which Plaintiff paid.  Plaintiff alleges that because the City of Newnan does not have a vehicle immobilization ordinance, Buckhead Parking booted Plaintiff's vehicle without legal authority and caused damages to him.  Plaintiff alleges that Buckhead Parking systematically engages in immobilizing vehicles with similar boots in many other locations in Georgia that also lack vehicle immobilization ordinances.

Plaintiff further alleges that all other Defendants to this action own or occupy property where they hire Buckhead Parking and/or other individual entities to boot vehicles parked on their property.  For that reason, Plaintiff seeks to form a class of all people whose vehicles were booted by, or at the request of, Defendants at any location within the State of Georgia where there are no vehicle immobilization ordinances, and who have paid fines for the

---

[1] A boot or "booting" is a method of using a mechanical device that is designed or adopted to be attached to a wheel, tire, or part of a parked motor vehicle so as to immobilize the vehicle.

removal of said boot, from January 25, 2013, through February 7, 2018.

Plaintiff originally filed this case in the State Court of Forsyth County, Georgia, on February 7, 2018, seeking damages and other available remedies on behalf of themselves and a class of persons similarly situated pursuant to O.C.G.A § 9-11-23 [Doc. No. 1, Exhibit 1]. Defendant McDonald's Corporation ("McDonald's") filed a Notice of Removal on March 16, 2018, asserting that this Court has jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453 [Doc. No. 1]. Subsequently, on March 20, 2018, Plaintiff filed a Motion to Remand alleging that McDonald's failed "to satisfy its burden to prove that the amount in controversy exceeded $5,000,000 by a preponderance of evidence" [Doc. No. 5].

This Court denied Plaintiff's Motion to Remand on April 23, 2018, finding that based on the totality of the allegations in the Complaint, the amount in controversy exceeded $5,000,000 [Doc. No. 12]. Plaintiff then filed a Motion for Leave to Conduct Limited Discovery Related to Jurisdiction and Request for Extension of Time [Doc. No. 14]. On May 14, 2018, this Court vacated its April 23, 2018 Order and instructed the parties to complete limited jurisdictional discovery as to the issue of whether the CAFA amount in

3

controversy requirement had been met [Doc. No. 20].

After limited discovery, Plaintiff filed Supplemental Motion for Remand arguing that the amount in controversy requirement under the Class Action Fairness Act has not been met and that the total amount in controversy is only $435,350.00 [Doc. No. 26]. Defendants McDonald's Corp., Suso 3 Newman LP, and Slate Properties, LLC consent to remand. Buckhead Parking does not consent to remand [Doc. No. 26].

**II.  Discussion**

A defendant may remove a case from state to federal court only if the federal court would have subject-matter jurisdiction over the action. 28 U.S.C. § 1441. CAFA grants federal district courts subject matter jurisdiction over class actions where "(1) any member of the plaintiff class is a citizen of a state different from the state of citizenship of any defendant, (2) the aggregate amount in controversy exceeds $5 million, and (3) the proposed plaintiff class contains at least 100 members." S. Fla. Wellness, Inc. v. Allstate Ins. Co., 745 F.3d 1312, 1315 (11th Cir. 2014); see U.S.C. § 1332(d)(2), (5)–(6). CAFA's provisions are to be read broadly with a preference for properly removed interstate class actions to be heard in federal court; therefore, unlike the usual

4

removal situation, the Court does not have a "presumption in favor of remand in deciding CAFA jurisdictional questions." Dudley v. Eli Lilly & Co., 778 F.3d 909, 912 (11th Cir. 2014) (citing Dart Cherokee Basin Operating Co. v. Owens, 135 S. Ct. 547, 543–44 (2014)).

When the jurisdictional requirements, specifically in this case the amount in controversy requirement, supporting removal are in dispute, the Court must find "'by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold.'" Dudley, 778 F.3d at 913 (quoting Dart, 135 S. Ct. at 553). The pertinent question for the Court is "what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover." Dudley, 778 F.3d at 913 (citing Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754 (11th Cir. 2010) (quotation and emphasis omitted)).

Defendant Buckhead Parking booted 895 vehicles and collected $435,350.00 in fees during the class period from January 25, 2013 through February 7, 2018 [Doc. No. 26, Exhibit A]. Buckhead Parking argues that because Plaintiff's Complaint seeks to bring class clams for false imprisonment, the measure of compensatory damages is not limited to the booting fees paid during the class period and could include punitive damages

5

up to four times the compensatory damages, therefore the jurisdictional threshold for amount in controversy is met [Doc. No. 27]. However, for the Court to conclude that the amount in controversy exceeds $5,000,000, the Court would have to speculate about the amount of additional compensatory and punitive damages from the false imprisonment claims in Plaintiff's Complaint. Therefore, based upon the amount of booting fees at issue and the rest of the record, the Court concludes that the jurisdictional threshold for CAFA is not met.

If the class consists of all 895 vehicles that were booted during the class period, and each claim was aggregated, the potential compensatory damages from the booting fees would be the totality of the fees collected, $435,350.00, or about $486.42 a vehicle if split evenly among the class. In order to reach the $5,000,000 jurisdictional threshold for CAFA jurisdiction, each member of the class would have to recover at least an additional $5,100.17 in additional compensatory or punitive damages, or the aggregate amount for the class would have to be at least an additional $4,564,650.

While it may appear that recovery of about $5,586 per class member for claims by Plaintiffs–illegal booting plus the false imprisonment claims and

6

compensation for irritation, inconvenience, or insecurity–is a low hurdle, the Court cannot conclude that recovery will exceed even so low a total. To reach the conclusion that the aggregated claims would exceed $5,000,000 requires the Court to engage in impermissible speculation as to the value of the false imprisonment claims. See Lowery v. Alabama Power Co., 483 F.3d 1184, 1120–21 (11th Cir. 2007) (holding that the amount in controversy requirement for CAFA jurisdiction was not met because the court could not conclude, and it was impermissible speculation for the court to conclude, from the nature of the claims the Plaintiffs asserted that the aggregate jurisdictional amount would be exceeded).

There is no evidence in the record of the value of the false imprisonment claims beyond the analysis of a Georgia Court of Appeals case from 35 years ago. In the cited case, Burrow, the jury awarded $25,000 in punitive damages in a false imprisonment case where a grocery store clerk detained the claimant's purchases for inspection. Burrow v. K-Mart Corp., 304 S.E.2d 460, 461–62 (Ga. Ct. App. 1983). Buckhead Parking cites Burrow for the proposition that "general damage claims can yield high verdicts, especially where there are no formulas to fix recovery" [Doc. No. 27]. However, Burrow

7

does not tell the Court about the value of the false imprisonment claims in this case. Evidence of the value of purportedly similar tort claims is insufficient to establish jurisdiction; thus, <u>Burrow</u> does not support Plaintiff's contention that each class member will recover an additional $5,100 each. See <u>Lowery</u>, 483 F. 3d at 1220–21. This evidence shows possible damages that could be recovered, but without more information, the Court cannot speculate that the amount at issue in the case is eleven times the amount of parking fees Buckhead Parking collected during the class period.

Therefore, although Buckhead Parking has explained how the jurisdictional minimum could possibly be reached, it has failed to show, by a preponderance of the evidence, that the jurisdictional minimum under CAFA has been reached. For that reason, Plaintiff's Supplemental Motion to Remand [Doc. No. 26] is GRANTED, and Plaintiff's Motion to Remand [Doc. No. 5] is DENIED as moot. This case is REMANDED to the State Court of Forsyth County, Georgia.

**SO ORDERED**, this 28th day of September 2018.

_____
**RICHARD W. STORY**
United States District Judge